■ In the Matter of the STATE DIVISION OF HUMAN RIGHTS, Petitioner, v. THOMAS MERANTE, Respondent.— This is a proceeding initiated in the Appellate Division of the Supreme Court, Third Judicial Department, pursuant to section 298 of the Executive Law, to enforce an order of the State Commissioner of Human Rights, dated January 20, 1970. On January 20, 1970 respondent and his brother, who is now deceased, were found to have withheld housing from complainant, Sally Leverett, because of her race and color in violation of the Human Rights Law, and were ordered by the Commissioner of Human Rights to cease and desist from discriminating against complainant, or any prospective tenant on account of race, color, creed, or national origin, and to take certain affirmative action including payment to the complainant of damages in the amount of $500. The petitioner has on two previous occasions sought a similar order (*Matter of State Division of Human Rights* v. *Merante*, 37 A D 2d 677, mot. for lv. to app. den. 30 N Y 2d 485, app. dsmd. 30 N Y 2d 580; *Matter of State Division of Human Rights* v. *Merante*, 35 A D 2d 652). In the proceeding decided by this court and reported at 37 A D 2d 677, we denied the application and dismissed the petition. The Court of Appeals, in dismissing the appeal from that decision, stated that it was without jurisdiction of such an appeal not involving a constitutional question for a denial of enforcement, absent permission to appeal which permission it later denied. In our opinion this proceeding was finally determined, and the present proceeding was improperly commenced. In addition, at the compliance hearing held on July 7, 1972, the only evidence presented was the testimony of the complainant who merely testified that she had not received payment of the damages awarded which was the sole issue involved. Compensatory damages may be awarded for actual monetary losses, out-of-pocket expenses, and mental pain and suffering supported by probative evidence in the record. (*Matter of Chance* v. *Frank's Beauty Salon*, 35 A D 2d 304.) Here, the order provides that the respondents " shall  *  *  *  pay to complainant Sally Leverett as damages the sum of Five Hundred Dollars ($500.00) ", upon findings that she suffered humiliation, embarrassment, and physical upset. There is, however, no substantial evidence in the record to support these findings of fact. The failure to have substantial probative evidence in the record to support these findings precludes · granting the application for an order of enforcement. (*Matter of State Division*

of *Human Rights* v. *Luppino,* 35 A D 2d 107, affd. 29 N Y 2d 558.) Application denied, and petition dismissed, without costs. Herlihy, P. J., Staley, Jr., Greenblott, Cooke and Reynolds, JJ., concur.